1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REYMUNDO JOSE MENDEZ, JR.,              No.  1:25-cv-00716-SKO (HC)

12                   Petitioner,              **ORDER TO ASSIGN DISTRICT JUDGE**

13         v.                                 **FINDINGS AND RECOMMENDATIONS
                                              TO DISMISS PETITION**
14
                                              **[21-DAY OBJECTION DEADLINE]**
      WARDEN, FCI-MENDOTA,
15
                   Respondent.
16

17          Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18    writ of habeas corpus pursuant to 28 U.S.C. § 2241.

19          On May 19, 2025, Petitioner filed the instant habeas petition in the Sacramento Division

20    of this Court. (Doc. 1.) On June 12, 2025, the petition was transferred to the Fresno Division.

21    Upon review of the petition, the Court finds that Petitioner has failed to exhaust administrative

22    remedies.  Accordingly, the Court will RECOMMEND the petition be DISMISSED without

23    prejudice.

24                                        **DISCUSSION**

25    A.    Preliminary Review of Petition

26          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

27    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

28    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

                                              1

1    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3    dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

4    2001).

5    B.    Background

6        On November 18, 2024, Petitioner was sentenced to a term of 60 months on an unstated

7    conviction.  He is incarcerated at the Federal Correctional Institution in Mendota, California.  In

8    his petition, he claims that the Bureau of Prisons ("BOP") must transfer him to a halfway house

9    pursuant to the Sentencing Reform Act.

10   C.    Exhaustion

11       Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

12   circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.

13   Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

14   1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that

15   federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

16   judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.

17   1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If

18   Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

19   "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

20   administrative remedies before proceeding in court."

21       The first step in seeking administrative remedies is a request for informal resolution. 28

22   C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP

23   makes available to inmates a formal three-level administrative remedy process: (1) a Request for

24   Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a

25   Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the

26   geographic region in which the inmate's institution is located; and (3) a Central Office

27   Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §

28   542.10 et seq.

1    Petitioner concedes he has not attempted to exhaust administrative remedies, contending

2    to do so would be futile.  The exhaustion requirement "is not lightly to be disregarded." Murillo

3    v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in

4    exercising such discretion is whether "relaxation of the requirement would encourage the

5    deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th

6    Cir. 2004) (internal quotation marks omitted).  The exhaustion requirement should not be excused

7    in this case because Petitioner has deliberately bypassed the administrative scheme, and

8    permitting the petition to go forward would only encourage further deliberate bypass of the

9    administrative process.  Had Plaintiff properly sought administrative relief, the BOP would have

10   granted him relief or advised him of the reason for his placement. Petitioner's broad assertion that

11   the BOP generally acts arbitrarily to ignore governing statutes is not a sufficient or founded

12   reason to bypass administrative review.

**ORDER**

14   Accordingly, the Clerk of Court is directed to assign a district judge to this case.

**RECOMMENDATION**

16   For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED

17   without prejudice for failure to exhaust administrative remedies.

18   This Findings and Recommendation is submitted to the United States District Court Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

20   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

21   twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

22   party may file written objections with the Court and serve a copy on all parties. Id. The document

23   should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

24   not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

25   consider exhibits attached to the Objections. To the extent a party wishes to refer to any

26   exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page

27   number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in

28   excess of the fifteen (15) page limitation may be disregarded by the District Judge when

3

1    reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

2    parties are advised that failure to file objections within the specified time may result in the waiver

3    of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This

4    recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

5    Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,

6    should not be filed until entry of the District Court's judgment.

7
     IT IS SO ORDERED.
8

9    Dated:    **June 13, 2025**                         /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4